## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| ANDREA GOOSSENS<br>2111 SUTTON AVENUE, UNIT K<br>CINCINNATI, OHIO 45230<br><br>      Plaintiff,<br><br>-*vs*.-<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION D/B/A USAA<br>**Please Serve:**<br>**Wayne Peacock, CEO and President**<br>**9800 Fredericksburg Rd.,**<br>**San Antonio, Texas 78288**<br><br>And<br><br>THE SUTTON CONDOMINIUM UNIT OWNERS' ASSOCIATION, INC. D/B/A THE ABBEY SUTTON CONDOMINIUM UNIT OWNERS'<br>**Please Serve:**<br>**Charles Cooper, President**<br>**1015 Locust Corner Road**<br>**Cincinnati, OH 45245**<br><br>And<br><br>AMGUARD INSURANCE COMPANY<br>39 PUBLIC SQUARE<br>WILKES-BARRE, PENNSYLVANIA 18703<br><br>      Defendants. | Case No: _____<br><br>**<u>PLAINTIFF'S COMPLAINT WITH JURY DEMAND ENDORSED HEREON</u>** |

### **PRELIMINARY STATEMENT**

      This case was previously filed by the Plaintiffs against Defendants in the Hamilton County Court of Common Pleas on May 04, 2023. The caption was Andrea Goossens v.

Page 1 of 13

USAA et al., under Case No. A 2303604. The case was assigned to Honorable Jennifer L. Branch. The action was voluntarily dismissed without prejudice pursuant to Ohio Rule of Civil Procedure 41(a) by the Plaintiffs on October 14, 2024.

**NOW COMES Plaintiff, Andrea Goossens,** by and through undersigned counsel, and states her Complaint against the named Defendants, as follows:

### The Parties

1. Plaintiff, Andrea Goossens, [Hereinafter, "Plaintiff"], formerly resided at **2111 Sutton Avenue Unit K, in Cincinnati, Hamilton County, Ohio 45230 ["the subject property"]** and did so reside at all relevant times herein.

2. Plaintiff insured the subject property through Defendants, United Services Automobile Association d/b/a USAA, ["USAA" or " insuring Defendant"].

3. The Sutton Condominium Unit Owners' Association, Inc. D/B/A The Abbey Sutton Condominium Unit Owners' ("Sutton Condo"), is a not-for-profit, domestic corporation registered in Ohio.

4. Sutton Condo's Declaration of Condominium Ownership, Establishing A Plan for Condominium Ownership And Imposing Covenants, Conditions And Restrictions For The Project Known As The Abbey Condominium is recorded in Deed Book: 4236 Page: 221 of the Hamilton County Recorder's Office. The Declaration is attached as Exhibit 1.

5. This case arises, *inter alia*, from the negligent and/or willful failure of Defendants, to fully, adequately, and timely indemnify the Plaintiff for her covered loss, which occurred **on or about December 22, 2022.**

6. Defendant insurers are a Texas-based insurance corporation, which issued a homeowner's insurance policy to the Plaintiff, which was in full force and effect, at the time of the subject

property loss. Defendants conduct substantial business within Hamilton County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is attached as Exhibit 2.

7. Defendant AmGUARD Insurance Company (AmGUARD) is a business incorporated under the laws of Nebraska with its principal place of business in Pennsylvania and also conducts business in the State of Ohio.

## Jurisdiction and Venue

8. Jurisdiction is properly invoked in the Hamilton County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance policy contract, bad faith, negligence, and breach of declarations arising from the failure to indemnify the insured for a covered loss and for remediation and restoration services, in which the subject property is located in Hamilton County, Ohio.

9. Venue is proper in Hamilton County, Ohio, as the subject property is in said county, the material events of the subject property loss occurred in said county and the Defendants conduct substantial business in Hamilton County, Ohio.

## Statement of Facts

10. The subject property is located at **2111 Sutton Avenue Unit K, in Cincinnati, Hamilton County, Ohio 45230,** was owned by the Plaintiff and was her primary residence.

11. On or about **December 22, 2022,** Plaintiff's plumbing pipes and Sutton Condo's plumbing pipes froze causing a substantial loss to her property.

12. After notifying Sutton Condo and AmGuard on or about the date of loss, Sutton Condo claimed that the pipes that froze were solely the Plaintiff's and denied any liability or responsibility to indemnify.

13. On or about the date of loss, Plaintiff notified USAA. USAA has denied coverage of the loss. USAA claims that Plaintiff's property did not freeze, therefore it was a common area and the responsibility of Sutton Condo.

14. Neither USAA, Sutton Condo, nor Sutton Condo's insurer has made any payments to Plaintiff as both entities outright deny coverage or responsibility.

15. The actions of USAA violate the Unfair property/casualty claims settlement practices outlined in OAC 3901-1-54.

16. Plaintiff promptly notified all Defendants of the occurrence on or about December 22, 2022, and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject USAA insurance policy and the AmGUARD insurance policy, which were in full force and effect, on the date of the subject loss.

17. Plaintiff duly reported the loss and fully cooperated with the Defendants following the subject flooding/water intrusion loss. Defendants failed to conduct a reasonable investigation of the loss.

18. As a result of the subject covered loss, there was substantial damage and/or destruction to the structures and/or the interior and/or contents and/or loss of use and/or additional damages at the subject property. Plaintiff eventually had to sell her property below market value.

19. Defendants wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith, and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for a covered loss.

20. Plaintiff placed reasonable reliance in the Defendants; that said Defendants would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff

promptly for his property loss, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

21. Plaintiff restates and re-alleges each allegation as though fully rewritten herein.

22. Plaintiff as a unit-owner of the Sutton-Condo is an intended third-party beneficiary of the contract made between Sutton Condo and AmGUARD.

23. Sutton-Condo and AmGUARD had a valid contract of insurance covering Plaintiff's property on or about December 22, 2022. Attached as Exhibit 3.

24. The valid contract of insurance applied generally to Plaintiff's unit.

25. Defendant AmGUARD breached the terms of that contract by failing to fully indemnify the Plaintiff for Plaintiff's loss according to the terms of the contract.

26. Defendant, AmGUARD, breached the terms of that contract by failing to fully indemnify the Plaintiff for Plaintiff's loss according to the terms of the contract.

27. Defendant, AmGUARD, breached the terms of that contract by failing to fully investigate, adjust the loss, and adequately indemnify the Plaintiff according to the terms of the contract.

28. As a direct and proximate result of AmGUARD's breach, Plaintiff has sustained losses and damages, in an amount yet to be determined, but in excess of Twenty-five thousand ($25,000) dollars, according to proof at trial.

## COUNT II: BREACH OF CONTRACT

29. Plaintiff restates and re-alleges each allegation as though fully rewritten herein.

30. Plaintiff and Defendant USAA had a valid contract of insurance covering Plaintiff's property on or about December 22, 2022.

31. The valid contract of insurance applied generally to Plaintiff's unit.

32. Defendant USAA breached the terms of that contract by failing to fully indemnify the Plaintiff for Plaintiff's loss according to the terms of the contract.

33. Defendant USAA breached the terms of that contract by failing to fully indemnify the Plaintiff for Plaintiff's loss according to the terms of the contract.

34. Defendant USAA breached the terms of that contract by failing to fully investigate, adjust the loss, and adequately indemnify the Plaintiff according to the terms of the contract.

35. As a direct and proximate result of USAA's breach, Plaintiff has sustained losses and damages, in an amount yet to be determined, but in excess of Twenty-five thousand ($25,000) dollars, according to proof at trial.

## COUNT III: BAD FAITH

36. Plaintiff restates and re-alleges each and every allegation with the same force and effect, as though fully rewritten herein.

37. As an insurer, Defendant USAA, its respective management and personnel, has the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

38. The insuring Defendant USAA's wrongful failure to promptly and reasonably adjust the subject loss claim, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured homeowner, the Plaintiff.

39. As a direct and proximate result of the insuring Defendant USAA's bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

40. The conduct of the insuring Defendant USAA has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### COUNT IV: NEGLIGENCE

41. Plaintiff restates and re-alleges each and every allegation with the same force and effect as though fully rewritten herein.

42. Sutton Condo owns a portion of the plumbing pipes which were responsible for causing water damage to Plaintiffs apartment.

43. As the owner of the plumbing pipes, Sutton Condo is responsible to maintain, care for, or otherwise repair any defects or conditions which present a risk of harm or cause harm to others.

44. Sutton Condo failed to care for, maintain, or otherwise repair its plumbing pipes.

45. As a direct and proximate result of Sutton Condo's negligence, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

46. The conduct of Sutton Condo has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the

trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### COUNT V: BREACH OF RESTRICTIONS, DECLARATION, BYLAWS AND ADMINISTRATIVE RULES AND REGULATIONS.

47. Plaintiff restates and re-alleges each and every allegation with the same force and effect, as though fully rewritten herein.

48. Pursuant to 5311.19(A) Sutton Condo is required to comply ". . . with all covenants, conditions, and restrictions set forth in a deed to which they are subject or in the declaration, the bylaws, or the rules of the unit owners association, as lawfully amended. Violations of those covenants, conditions, or restrictions shall be grounds for the unit owners association or any unit owner to commence a civil action for damages, injunctive relief, or both, and an award of court costs and reasonable attorney's fees in both types of action."

49. Sutton Condo's bylaws in Article IV General Powers of The Association 4.1 (F). Care of Common Areas and Facilities - states that Sutton Condo will cover the cost of ". . . cleaning . . . maintenance . . . repair and replacements of the Common Areas and Facilities (but not including the interior surfaces of the units which the owner shall pain, clean, decorate, maintain and repair) . . . [and] the Association shall have the exclusive right and duty to acquire the same for the Common Areas and Facilities."

50. As the owner of the Common Areas and Facilities, Sutton Condo has not repaired, maintained, replaced, or otherwise cleaned those areas in so far as it has affected Plaintiff.

51. Sutton Condo has denied its responsibility entirely after being put on notice on or about December 22, 2022.

Page 8 of 13

52. As a direct and proximate result of Sutton Condo's failure to abide by its by-laws, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

53. The conduct of the Sutton Condo has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT VI: DECLARATORY JUDGMENT

54. Plaintiff restates and re-alleges each and every allegation with the same force and effect, as though fully rewritten herein.

55. Plaintiff has duly reported the losses she has suffered to all Defendants in this matter.

56. All Defendants have denied or claimed that the site of the burst pipes is owned by the other party in an attempt to absolve themselves from responsibility or liability.

57. Pursuant to Sutton Condo's Declaration of Condominium Ownership, Establishing A Plan for Condominium Ownership And Imposing Covenants, Conditions And Restrictions For The Project Known As The Abbey Condominium ("Declaration") recorded in Deed Book: 4236 Page: 221 of the Hamilton County Recorder's Office, Plaintiff's "Unit" and the "Common Areas and Facilities" are clearly defined.

58. The foregoing dispute as to the boundaries of the Plaintiff's "Unit" and Sutton Condo's property presents a real and justiciable controversy entitling Plaintiff to declaratory relief as to the provisions of the Declaration.

## COUNT VII: DECLARATORY JUDGMENT

59. Plaintiff restates all previous allegations as if fully rewritten.

60. At all times relevant to this Complaint, AmGUARD and Defendant Sutton Condo had an insuring agreement in which Sutton Condo contracted with AmGUARD to provide a policy of businessowner's insurance to Sutton Condo in exchange for certain policy premiums.

61. At all times material, AmGUARD agreed to insure Sutton Condo and its unit-owners for property loss which occurred due to, inter alia, water intrusion or water damage pursuing to the insuring agreement.

62. Pursuant to the insuring agreement with Sutton Condo, AmGUARD further stipulated that its coverage was primary to any personal or other property loss insurance held by a unit-owner, such as the Plaintiff's unit-owner's policy with USAA.

63. On or about December 22, 2022, Plaintiff sustained property loss and/or property damage due to water intrusion and or water damage from frozen plumbing pipes.

64. The Plaintiff's property loss occurred upon the Sutton Condo property located at or near 2111 Sutton Avenue, Unit K, in the City of Cincinnati, County of Hamilton, and the State of Ohio. Said property is specifically covered under the policy of insurance between AmGUARD and Sutton Condo.

65. Plaintiff, provided adequate notice to Sutton Condo of her property loss claim.

66. To date, despite adequate notice to its insured, AmGUARD has either denied or otherwise refused to investigate the Plaintiff's claim, cooperate in this litigation, or pay Plaintiff for her claimed damages which occurred to the subject property.

67. Pursuant to the contract of insurance between Abbey Sutton and AmGUARD, Defendant USAA is not the primary responsible insurer for the claimed losses which occurred on the subject property.

68. AmGUARD's denial and/or complete refusal to cooperate in this litigation is unjustified and has substantially prejudiced USAA's coverage position and is otherwise to the detriment of all existing parties to this action.

69. Plaintiff is entitled to declaratory judgment that AmGUARD, not USAA, is the primary responsible insuring entity for the Plaintiff's property loss claims.

## RELIEF REQUESTED

**WHEREFORE**, **Plaintiff, Andrea Goossens,** by and through counsel, demands the following relief:

**A.** Judgment against **Defendants, United Services Automobile Association d/b/a USAA, The Sutton Condominium Unit Owners' Association, Inc. D/B/A The Abbey Sutton Condominium Unit Owners', and AmGuard Insurance Company,** jointly and severally, for the full value of the losses and damages sustained by the Plaintiff, as alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**B.** Judgment against **Defendants, United Services Automobile Association d/b/a USAA, The Sutton Condominium Unit Owners' Association, Inc. D/B/A The Abbey Sutton Condominium Unit Owners', and AmGuard Insurance Company**, jointly and severally, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**C.** Declaratory judgment as to the bounds of Plaintiff's "Unit" and as to the "Common Areas and Facilities" and as to Plaintiff's rights and Sutton Condo's responsibilities as described in the Declaration.

**D.** Declaratory judgment as to the responsibilities of each party involved in this action as to which insurance policy coverage is primarily responsible to cover Plaintiff's damages, specifically the insurance policies from USAA and AmGUARD.

**E.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action as permitted by law;

**F.** An award of pre-judgment interest; and

**G.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Zachary M. Lotspeich*
Zachary M. Lotspeich, [0095925]
Trial Attorney for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444, 131
(513) 721-5557 (FAX)
E-mail: zlotspeich@maislinlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

Respectfully Submitted,
*/s/ Zachary M. Lotspeich*
Zachary M. Lotspeich, [0095925]
Trial Attorney for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444, 131
(513) 721-5557 (FAX)
E-mail: zlotspeich@maislinlaw.com

E-FILED 12/20/2024 4:20 PM / CONFIRMATION 1568123 / A 2405719 / COMMON PLEAS DIVISION / IFIJ

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/ Zachary M. Lotspeich*
Zachary M. Lotspeich, [0095925]
Trial Attorney for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444
(513) 721-5557 (FAX)
E-mail: zlotspeich@maislinlaw.com